UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON CHOBAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-01041-TWP-DML |
| | ) |
| DALE EARNHARDT, INC., | ) |
| SMYLE MEDIA CONSULTING, and | ) |
| TERESA EARNHARDT, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTION TO TRANSFER VENUE**

This matter is before the Court on Defendant Dale Earnhardt, Inc.'s ("DEI") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Dkt. 16). Plaintiff Sharon Chobat ("Mrs. Chobat") filed an action against DEI in Hamilton County, Indiana, Superior Court alleging copyright infringement, breach of contract, tortious interference of contract, unjust enrichment, conversion, fraud, and a violation of the Indiana Crime Victims' Act. Mrs. Chobat filed an Amended Complaint in the same court, adding Teresa Earnhardt ("Mrs. Earnhardt") and Smyle Media Consulting ("Smyle") as additional defendants. Thereafter, Mrs. Earnhardt removed this action from the state court pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1441, 1446, and 1454. DEI now moves to transfer venue to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). For the following reasons, DEI's Motion to Transfer Venue (Dkt. 16) is **GRANTED**.

**I. BACKGROUND**

Mrs. Chobat is the widow of David Chobat ("Mr. Chobat"), a renowned motorsports photographer whose work product is highly sought after in professional motorsports. The

Complaint does not specifically state where Mrs. Chobat resides;[1] however, she concedes that she lives in North Carolina. *See* Dkt. 29 at 12. Following her husband's death, Mrs. Chobat became the owner of the copyrights to millions of photographs taken by Mr. Chobat, including NASCAR images. In 2006, CMG Worldwide, Inc. ("CMG"), a premiere celebrity and brand licensing agency headquartered in Hamilton County, Indiana, entered into an exclusive representation agreement with Mrs. Chobat to license the photographs. The entire collection of photographs was transported from Mrs. Chobat's home in Charlotte, North Carolina to CMG's office in Indianapolis, Indiana.

In late 2009, DEI entered into an agreement with CMG to purchase part of Mr. Chobat's collection of images of Dale Earnhardt, Sr., arguably the greatest NASCAR driver of all time[2]. DEI was founded by the late Dale Earnhardt and his wife, Teresa Earnhardt, in part to license the name and likeness of Dale Earnhardt to third party licensees. DEI and Mrs. Earnhardt are both located in North Carolina. On February 18, 2010, DEI and CMG, on behalf of Mrs. Chobat, entered into an Assignment Agreement (the "Assignment"), which gave DEI all rights, title, and interest in certain photographs (including pictures, images, prints, or other depictions) of Dale Earnhardt and members of the Earnhardt family (the "Earnhardt Images") in exchange for a payment of $100,000.00 made by DEI. On October 3, 2011, DEI and Mrs. Earnhardt received the Earnhardt Images, which were intermingled with other images that were not subject to the Assignment (collectively, the "Chobat Collection"). The photographs were in "significant disarray," so DEI agreed to separate the Earnhardt Images from the photographs excluded from the Assignment pursuant to a verbal agreement of temporary custody. Under the verbal agreement, DEI and Mrs. Earnhardt would maintain $1,000,000.00 of insurance coverage on the

---

[1] The Complaint lists Mrs. Chobat's location as "c/o CMG WORLDWIDE, INC." and uses CMG's headquarters' address, 10500 Crosspoint Boulevard, Indianapolis (Hamilton County), Indiana 46256.
[2] *See* www.biography.com/people/dale-earnhardt-9542044, www.aolnews.com/.../dale-earnhardt.

Chobat Collection and would review the images at DEI's headquarters in North Carolina, and select and retain only the Earnhardt Images. DEI was to return the images excluded from the Assignment within ninety days of receiving the Chobat Collection but failed to do so. Further, the Assignment between Mrs. Chobat and DEI states that it "shall be interpreted according to the laws of the State of North Carolina without respect to conflicts of laws principles, and the parties stipulate that the federal and state courts of North Carolina shall have jurisdiction over any controversies regarding the Assignment." Dkt. 17-1 at 1 ¶ 7.

Since March 2012, CMG has made multiple demands for the return of the images in the Chobat Collection that were not subject to the Assignment, but DEI has refused to return the images. On June 18, 2012, Mrs. Chobat filed a lawsuit against DEI, claiming that the segregation process was taking too long. On June 20, 2012, Mrs. Chobat filed an Amended Complaint, which added Mrs. Earnhardt and Smyle. The instant Motion to Transfer was filed on November 26, 2012, and the parties have continued to litigate this matter in the Southern District of Indiana. On April 1, 2013, the Court granted Mrs. Chobat's voluntary dismissal of Smyle from the case (Dkt. 26) and on April 23, 2013, DEI filed their Answer to the Amended Complaint and a Counterclaim for four causes of action (Dkt. 28). The parties have met with the Magistrate, Judge, discussed settlement, a case management plan has been approved (Dkt. 34) and the matter is scheduled for trial by jury on November 17, 2014. Mrs. Chobat continues to argue that she cannot continue licensing, selling, and/or marketing the images from CMG's headquarters in this judicial district in Indianapolis, Indiana until she has her collection back.

## II. LEGAL STANDARD

Section 1404 of United States Code Title 28 states:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might

3

>have been brought or to any other district or division where it might have been brought or to any other district or division *to which all parties have consented.*

28 U.S.C. § 1404(a) (emphasis added). The purpose of section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). A transfer of venue based on 28 U.S.C. § 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness. . . ." *Id.* at 622. A transfer of venue is appropriate if "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996) (citations omitted). It is in the sound discretion of the trial judge to determine the weight accorded to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 210 (7th Cir. 1986)

### III. DISCUSSION

**A.    Forum Selection Clause**

To begin its analysis, the Court recognizes that there is a forum selection clause in the Assignment. According to the "four corners" rule, if a contract is clear "on its face," then evidence does not need to be admitted to interpret the meaning of the contract. *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1521 (7th Cir. 1989). A contract is clear "on its face" if someone that is able to read English and is unfamiliar with the background will understand the contract. *Id.* The Assignment states that "North Carolina shall have jurisdiction over any controversies regarding the Assignment." Dkt. 17-1 at 1 ¶ 7. In the Court's view, the contract is clear and the Forum selection clauses are presumptively enforceable unless the moving party proves it is unreasonable. Thus, Mrs. Chobat may avoid enforcement of the forum selection

4

clause only if she can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud and overreaching." *Flexcel, Inc. v. COS 404, Inc.*, 458 F. Supp. 2d 935, 939 (S.D. Ind. 2006) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

Mrs. Chobat claims that this cause of action was not the Assignment alone, but the action also concerns DEI's failure to return the remainder of her collection in a ninety-day period. One of Mrs. Chobat's claims is for breach of contract, which "arises from the contract and from the parties' conduct relating to the alleged breach." *Abbott Labs. v. Takeda Pharm. Co. Ltd.*, 476 F.3d 421, 424 (7th Cir. 2007). The cause of action for failure to return the photograph collection within ninety days arose out of the Assignment, thus, the forum selection clause, in which the parties stipulate that the federal and state courts of North Carolina shall have jurisdiction over any controversies regarding the Assignment law of North Carolina, would apply to this case. Mrs. Chobat has not shown that enforcement of this contract provision would be unreasonable or unjust. Mrs. Chobat cites *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 962 (N.D. Ill. 2000), which states that federal courts have decided substantive legal questions based on another state's laws. However, because the forum selection clause clearly states that the parties consent to the jurisdiction of courts in North Carolina, this factor weighs in favor of venue in North Carolina.

**B.      Transfer of Venue**

Mrs. Chobat urges the Court to ignore the forum selection clause and to deny DEI's request to transfer the case to North Carolina based on the remaining § 1404 (a) factors. As an initial matter, the parties do not dispute the jurisdiction of this Court, which exists under 28 U.S.C. §§ 1331 and 1338 based upon Mrs. Chobat's claim under Count I for copyright

infringement. The other two factors used in analyzing whether transfer is appropriate § 1404 remain at issue. The Court agrees with Mrs. Chobat that DEI has the burden of proving that the Western District of North Carolina is "more clearly convenient." *Coffey*, 796 F.2d at 220. When evaluating the convenience and fairness of transfer under § 1404(a), the court must first consider the private interests of the parties. These include: "(i) plaintiff's choice of forum, (ii) the situs of material events, (iii) the relative ease of access to sources of proof; (iv) the convenience of the witnesses; and (v) the convenience to the parties in litigating in their respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F.Supp.2d 970, 977 (N.D. Ind. 2009). The Court must next consider the public interest factors including "… the court's familiarity with applicable law and the desirability of resolving controversies in their locale." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F.Supp. 185, 188 (N.D. Ill. 1995).

### 1. Interest of the parties

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In Re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citations omitted). If the two parties are in different states, and either venue would pose inconvenience on one of the parties, then the court should choose plaintiff's choice of forum. *Id.* at 665. However, when a plaintiff chooses to litigate outside the "home forum," then the plaintiff's forum choice gets less weight. *Volkswagon Aktiengesellschaft v. Dee Eng'g, Inc.*, No. 1:02-CV-1669-LVM, 2003 WL 1089515, *2 (S.D. Ind. March 4, 2003). Mrs. Chobat concedes that her residence is in North Carolina but argues that Indiana is her chosen forum and her counsel is located in Indiana. However, convenience for one party's counsel is not a factor that should be considered determining a transfer of venue. *Chi., R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Mrs. Chobat has not asserted that she is a citizen or resident of Indiana,

and only indicates that CMG negotiates the sale and displays the Chobat collection of images (other than the Earnhardt collection which is now in North Carolina) in Indiana; and Chobat is an Indiana company.[3] Indiana is not Mrs. Chobat's home forum, and the fact that CMG is located in Indiana is irrelevant because it is not a party to this case. Therefore, Mrs. Chobat's choice of forum is entitled to less weight in this analysis.

The remaining factors also weigh in favor of transfer to the Western District of North Carolina. While the Assignment was brokered by an Indiana corporation, the situs of the material events giving rise to this lawsuit occurred in North Carolina. Mrs. Chobat brought this action due to DEI's failure to sort and return the Chobat Collection not subject to the Assignment, after the Chobat Collection had been sent to DEI in North Carolina. DEI has presented evidence that at least five (5) non-party witnesses and their respective documentary evidence are located in North Carolina. With the exception of Mark Roesler, the owner of CMG, it appears the relevant witnesses with knowledge of the sorting process (or lack thereof) would all be located in North Carolina, not Indiana. The Chobat Collection itself is presently located in North Carolina as well. DEI has indicated, and Mrs. Chobat has not refuted, that Mrs. Chobat resides in North Carolina, so it would not be unduly burdensome for her to litigate the case in that forum. The fact that the majority of the evidence and the witnesses are located in North Carolina weighs in favor of transfer to that forum.

DEI claims that venue is proper in the Western District of North Carolina. Mrs. Chobat does not dispute that the Western District of North Carolina also has subject matter jurisdiction because there is a federal question over a copyright claim. "The [federal] district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . .

---

[3] The Court further notes that Mrs. Chobat failed to comply with Local Rule 81-1(b) by failing to respond to the Defendants' notice of removal.

copyrights and trademarks." 28 U.S.C. § 1338. The Western District of North Carolina has personal jurisdiction over all the Defendants. DEI is a corporation and has its headquarters and principal place of business in North Carolina. Mrs. Earnhardt is located in Mooresville, North Carolina. DEI cites 28 U.S.C. § 1391(b)(2), which states that a case may be filed at a venue where "all defendants reside in the same State." The Court agrees with DEI that this factor weighs heavily in favor of venue in the Western District of North Carolina.

### 2. Public interest considerations

Next, the Court must examine the public interest considerations which include judicial economy, familiarity with the applicable law and the expeditious administration of justice. *Kubin-Nicholson Corp. v Gillon* 525 F.Supp.2d 1071 (E.D. Wis. 2007). In that vein, this Court is familiar with the case, the parties have appeared for an initial pretrial conference with the Magistrate Judge, and the case is proceeding well in the event it must be tried as scheduled in November 2014. For this consideration, the Court gives some weight to Mrs. Chobat's position. However, as stated above, the Assignment contains a forum selection clause stating that the Assignment would be governed by the laws of North Carolina. While the amended complaint alleges some Indiana tort claims, the crux of the lawsuit is for breach of the Assignment. Although the Indiana district court could become familiar with North Carolina law, when considering judicial economy, it is "advantageous to have federal judges try a case who are familiar with the applicable state law". See *Coffey,* 796 F.2d at 221. While the federal copyright claims could be decided by this Court, when considering all factors, it would not be in the public interest for this Court to adjudicate Mrs. Chobat's claims that would be governed by North Carolina law. Therefore, the Court finds that this factor weighs heavily in favor of transferring this case to the Western District of North Carolina.

## IV. **CONCLUSION**

Having weighed the appropriate factors, for the reasons stated above, DEI's Motion to Transfer (Dkt. 16) is **GRANTED**, and this case shall be transferred to the Western District of North Carolina.

**SO ORDERED**.

Date: 09/18/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph M Janusz
ALSTON & BIRD LLP
joe.janusz@alston.com

Nathan Lee Lundquist
BINGHAM GREENEBAUM DOLL LLP
nlundquist@bgdlegal.com,cbennett@bgdlegal.com

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Bruce J. Rose
ALSTON & BIRD LLP
bruce.rose@alston.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com,gsmith@bgdlegal.com